United States District Court
Southern District of Texas
**ENTERED**
November 05, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:10-CR-315 |
| | § | |
| BRENT EDWARD CRUMMEY | § | |

## MEMORANDUM AND ORDER

Defendant Brent Edward Crummey was convicted on six counts of filing false claims for tax refunds. This Court sentenced him to time served and a concurrent three year term of supervised release and restitution of $83,989.22, and imposed assessments of $600. This case is before the Court on Crummey's petition for a writ of *coram nobis* (Dkt. No. 126) and the government's motion to dismiss (Dkt. No. 129). Having carefully considered the petition, the government's motion, Crummey's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Crummey's petition should be denied.

**I.   Background**

Crummey was indicted on six counts of filing false claims for tax returns, in violation of 18 U.S.C. §3231. He pled not guilty.

Crummey informed the Court that he wished to retain counsel. The Court gave him time to find counsel, but Crummey failed to retain an attorney in a timely manner. Following a *Faretta* hearing, the case went to trial with Crummey proceeding *pro se* with standby counsel. The jury convicted Crummey on all counts.

Crummey did not appeal and did not seek postconviction relief under 28 U.S.C. § 2255. On December 4, 2014, after completing his sentence, Crummey filed this petition for a writ of *coram nobis* under 28 U.S.C. § 1651.

## II.     Applicable Legal Standards

> "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir.1996); *see also United States v. Peter,* 310 F.3d 709, 712 (11th Cir.2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

*United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

Because it is an extraordinary remedy, "[c]ontinuation of litigation after final judgment and . . . waiver of any statutory right of review should be allowed . . . only under circumstances compelling such action to achieve justice." *Id.* at 535. Moreover, "[a] writ of *coram nobis* 'will issue only when no other remedy is available and when "sound reasons exist[ ] for failure to seek appropriate earlier relief.' " *United States v. Dyer,* 136 F.3d at 422 (quoting *Morgan,* 346 U.S. at 512)." *Esogbue*, 357 F.3d at 535.

## III.    Analysis

As a threshold matter, this Court must determine if Crummey can proceed through the vehicle of a writ of *coram nobis*. As noted above, *coram nobis* is available only when sound reasons exist for failure to seek appropriate earlier relief.

Crummey argues that he was prevented from pursuing a direct appeal and collateral relief because his court-appointed attorney incorrectly told him that the government would retaliate against him by bringing additional charges against him. He further alleges that the Internal Revenue Service ("IRS") disclosed tax information to Crummey's probation officer that could have caused the revocation of Crummey's supervised release.

Crummey's complaint against his attorney amount to an argument that he was prevented from seeking relief by ineffective assistance of counsel. It is well-established, however, that there is no constitutional or statutory right to counsel in a post-conviction proceeding. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993).

In the context of a procedural bar to federal habeas corpus review of a state court conviction, the Supreme Court has held that, because there is no right to habeas counsel, a petitioner "must bear the risk of attorney error that results in a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). The same principle applies here.

Assuming that Crummey's description of events is correct and accurate, he alleges that he received bad advice from his attorney, and elected not to file a motion to vacate, set aside, or correct his sentence based on that advice. His decision to act (or to decline to act) based on that advice, however, was just that –*his* decision. Nothing prevented him from pursuing postconviction relief; he chose not to do so.

Crummey further alleges that the IRS threatened him with revocation of supervised release if he did not file new tax returns for tax years 2005-2009. Crummey specifically asserts that he was threatened with revocation "if I sought any administrative remedies under the Internal Revenue Code . . . ." Declaration of Brent Crummey (Exh. 1 to Petition for Writ of

*Coram Nobis*) at 35. Notably, he does not assert that the IRS threatened him with any repercussions if he filed an appeal or section 2255 motion. *See id.* at 32-43. Crummey therefore fails to demonstrate how the alleged actions by the IRS in any way impeded his ability to appeal his conviction or challenge the conviction through a motion under 28 U.S.C. § 2255.

Moreover, Crummey's recognition in this proceeding that the alleged legal advice was incorrect, *see, e.g.*, Petition at 3-4 (citing *Blackledge v. Perry*, 417 U.S. 21 (1974) and *Pearce v. North Carolina*, 395 U.S. 74 (1969)), demonstrates that Crummey was capable of determining on his own that any retaliation by the government for Crummey's exercise of his rights would have been itself unconstitutional. There is no reason that he could not have discovered this in time to file a timely postconviction motion under 28 U.S.C. § 2255. Crummey thus fails to demonstrate that bad legal advice, or alleged threats from the IRS, excuses his failure to pursue timely postconviction relief.

Crummey was not prevented from pursuing timely postconviction relief; he elected not to pursue such relief. Because Crummey failed to pursue available remedies through the appellate and postconviction processes, he is not entitled to seek relief through a writ of *coram nobis*. Accordingly, his petition is denied.

### IV.    Conclusion

For the foregoing reasons, the government's motion to dismiss is granted, and Crummey's petition for a writ of *coram nobis* is denied.

V.  **Order**

For the foregoing reasons, it is ORDERED as follows:

    A.    Defendant Brent Edward Crummey's petition for a writ of *coram nobis* (Dkt. No. 126) is DENIED;

    B.    The government's motion to dismiss (Dkt. No. 129) is GRANTED; and

    C.    All other motions pending in this case are DENIED AS MOOT.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 5th day of November, 2015.

_____
Kenneth M. Hoyt
United States District Judge